Nicolás Morell Hernández, Appellant, v. Registrar of Property of Aguadilla, Respondent.

No. 1042. Submitted March 21, 1939.—Decided March 24, 1939.

*José D. Rodríguez* for appellant. The Registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Nicolás Morell Hernández, through his attorney, presented in the Registry of Property of Aguadilla the deed of protocol of the will of Isabel Hernández de Morell, together with another deed executed by María Colón Casasnovas, as the widowed mother and legal representative of her four minor children, and also, a receipt evidencing the payment of the inheritance taxes due on the estate of Isabel, all for the purpose of recording in his name a certain mortgage credit for six thousand dollars that the lady aforesaid had constituted over a property situated in the wards Buenos Aires and Latorre of Lares.

The registrar refused the record prayed for "believing that in the light of said will, an inventory, appraisal, liquidation and adjudication of the estate of the deceased at the

time of the death of Isabel Hernández Bello should be prepared and presented to the registry''. And the interested party appealed.

Mrs. Hernández executed her will and died in the city of Palma, Islas Baleares, Spain. She was a native of this Island of Puerto Rico, a widow, and disposed of her property as follows:

''I bequeath to each of my grandchildren Juan Morell Colón and Nicolás Morell Rodríguez, the amount of ten thousand *pesetas,* in cash, once for all.—To .my grandchild Damián Morell Rodríguez I bequeath the garage and court situated at Union Street.—I bequeath to my grandchild Damián Morell Colón the amount of fifteen thousand *pesetas,* in cash, once for all.—I bequeath to my grandchild Isabel Morell Colón, all the jewelry, the clothing and the piano that belonged to my deceased daughter María.—To my son Nicolás Morell Hernández I bequeath the two third parts of the house I own at No. 6 Pastos Street of this city, with all the furniture and clothing, and all I possess in Puerto Rico.—I bequeath to my grandchildren Damián, Isabel, Tomás and Juan Morell Colón the ten shares of stock of the Banco de España, in equal parts.—I bequeath to my servant Magdalena Jaume, provided she serves me until the time of my death, and to Francisca Ros, the amount of six thousand *pesetas* to each one of them, once for all.—I desire that my funeral. and burial expenses should be paid by my heirs, in equal parts.—The rest and residue of all my estate, interests and choses in action, present and future, I bequeath in two equal parts, one to my son Nicolás and the other to the sons of my deceased son Tomás.—I condone any amounts my sons and grandchildren may be owing me on the day of my death.''

By the other deed enclosed, María Colón Casasnovas, in behalf of her minor children Damián, Isabel, Tomás and Juan Morell Colón, declared:

''That the partition of the estate of Isabel Hernández Bello having been effected, Nicolás Morell Hernández inherited in fee simple, free from all other hereditary claims, all the property the deceased owned in Puerto Rico and, especially, the mortgage credit against Jaime Ballester Castañer, of Lares, executed the twentieth day of

February of the year one thousand nine hundred and thirty three before public notary José Rodríguez, a resident of that same city of Lares; all of which is expressly recognized by the actor so that the aforesaid Nicolás may, alone, carry out and execute the deeds required from him to obtain title to said credit and to have it recorded in the Registry of Property."

And the receipt shows that Juan B. Seín, administrator of the estate of Mrs. Hernández, stated that she owned the aforesaid mortgage credit which was valued in $3,600, and appellant Nicolás Morell Hernández paid, as heir, an inheritance tax of $88.00.

The appellant maintains that in view of said documents the registrar could and should have recorded the credit in his name, alleging that the document required by said officer "is of the property situated in Europe, and in the best interests of the co-heirs it should remain there."

The registrar on his part, thus explained his position in his brief:

"In accordance with the documents presented, two persons appear who have equal rights in the estate of the deceased Isabel Hernández Bello, after deducting therefrom the bequests against the estate, and they are: Nicolás Morell Hernández and the stirpes represented by the minors Damián, Isabel, Tomás and Juan Morell Colón, in representation of their father.

"The testatrix bequeaths to her son Nicolás 'all her property in Puerto Rico.'

"What property is this? Where is it situated? What is the amount? Is its value in excess of the one third at their free disposal? Does it encroach upon the legal portion of the minors?

"An answer to the preceding questions can be obtained only by virtue of an inventory, appraisal, liquidation and adjudication of the estate of the deceased Isabel Hernández Bello at the time of her death.

"We do not agree with the last paragraph that appears in the writing of the appellant where he asserts that it appears that the only property the testatrix owned in Puerto Rico was a mortgage credit of $6,000.00, offering as sole evidence thereof the receipt evi-

dencing payment of the inheritance tax, said receipt having been issued by the Treasury Department, inasmuch as in accordance with the Political Code, in said statement of the property, one includes but the property reported by the heirs to the executor or administrator thereof.

"If the value of the property situated in Puerto Rico should exceed the amount of the legal portion of the minors, how would the rights of the latter be protected if one agreed to grant the request of the appellant recording the property situated in this Island exclusively in the name of Nicolás Morell Hernández?"

The chain of reasoning of the registrar is persuasive and his opinion is supported by the Civil and the Mortgage Law. This is not the case where an attempt is being made to record an estate in the name of the heirs, in which case the will would be sufficient. Nor are we dealing with only one heir. What they are trying to do is to record a certain piece of property belonging to the estate, exclusively in favor of one of the heirs, and to that end the partition is necessary. There is no doubt whatsoever that the deed executed by Mrs. Colón in the name of her minor children, the other heirs, is proper, but it is not, by itself, sufficient. Nor is the will, by itself, sufficient, even though the testatrix bequeaths to the heir the "property she owns in Puerto Rico", and that the piece of property in question is situated in Puerto Rico. It is the inventory, appraisal, partition and adjudication, the document that would permit finding out with certainty the size of the estate, and determining whether the distribution thereof is according to law. Probably everything is within proper bounds, but the registrar in order to conscientiously discharge his duties, is justified in requiring the presentation of said document that does not "correspond to the property situated in Europe" only, as alleged, but to all the estate including the properties situated in Puerto Rico.

The decision appealed from must be affirmed.